UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HITHE PROPERTIES, LLC**  CIVIL ACTION

**VERSUS**  No. 23-5232

**VELOCITY RISK UNDERWRITERS, LLC ET AL.**  SECTION I

## ORDER & REASONS

Before the Court is defendant Velocity Risk Underwriters, LLC's ("Velocity") motion[1] to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). No opposition has been filed.[2] For the reasons set forth below, the Court grants the motion to dismiss.

### I. FACTUAL BACKGROUND

Hithe Properties, LLC ("plaintiff") filed a complaint alleging breach of contract and bad faith insurance claim handling against defendants Velocity, Independent Specialty Insurance Company ("Independent Specialty"), and Certain Underwriters at Lloyd's, London ("Lloyd's") (collectively, "defendants").[3] Plaintiff asserts that defendants issued a policy bearing the policy number 2021-803640-01 ("the policy") pursuant to which plaintiff was entitled to coverage.[4] In its motion to dismiss,

---

[1] R. Doc. No. 9.
[2] The motion was set for submission on October 18, 2023. Therefore, pursuant to Local Rule 7.5, plaintiff's response was due on October 10, 2023.
[3] R. Doc. No. 1-1, at 1,3.
[4] *Id.* at 2, ¶ 6.

Velocity argues that plaintiff has not stated a claim against Velocity upon which relief can be granted.[5]

## II.     LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair

---

[5] R. Doc. No. 9.

notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"Dismissal under rule 12(b)(6) is a judgment on the merits and is typically with prejudice, meaning the plaintiff is precluded from bringing the same claims again." *Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022).

### III.    ANALYSIS

For purposes of deciding Velocity's motion to dismiss, the Court can consider plaintiff's complaint as well as the policy because it is incorporated into the complaint by reference. *See Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763. The policy identifies two insurance carriers: Independent Specialty and Lloyd's.[6] While Velocity served as the agent, plaintiff's underlying insurance is provided through Independent Specialty and Lloyd's. This is demonstrated through the allocation endorsement, which

---

[6] R. Doc. 1-2, at 1.

provides that Independent Specialty is liable for 64% of all covered losses and that Lloyd's is liable for 36% of all covered losses.[7] The endorsement further provides that "[t]his contract shall be constructed as a separate contract between the Named Insured and each of the Insurers."[8]

Plaintiff claims that defendants breached the policy by failing to adequately compensate its losses and that defendants demonstrated bad faith by failing to adjust the claims in good faith, failing to timely pay damages, and refusing to participate in the appraisal process for claims dispute resolution.[9] These claims are claims against the insurance carriers which are allegedly liable for the losses pursuant to the allocation set forth in the endorsement. Plaintiff does not assert a cause of action against the agent, and the policy does not provide a claim for relief against Velocity. The complaint, therefore, has failed to provide Velocity "with fair notice of what the plaintiff's claim [against Velocity] is and the grounds upon which it rests." *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). Additionally, the complaint has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### IV. CONCLUSION

Accordingly,

---

[7] *Id.* at 63.
[8] *Id.* at 64.
[9] R. Doc. No. 1-1, at 3.

**IT IS ORDERED** that Velocity's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiff's claims against Velocity are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 20, 2023.

                    **LANCE M. AFRICK**
                **UNITED STATES DISTRICT JUDGE**