## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HITHE PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5232** |
| **VELOCITY RISK UNDERWRITERS, LLC ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendants Independent Specialty Insurance Company's and Certain Underwriters at Lloyd's London's (collectively, "defendants") motion[1] to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to stay the proceedings. No opposition has been filed.[2] For the reasons set forth below, the Court grants the motion to dismiss.

### I.  FACTUAL BACKGROUND

Hithe Properties, LLC ("plaintiff") filed a complaint alleging breach of contract and bad faith insurance claim handling against defendants Velocity Risk Underwriters, LLC ("Velocity"), Independent Specialty Insurance Company, and Certain Underwriters at Lloyd's, London.[3] Plaintiff asserts that defendants issued a policy bearing the policy number 2021-803640-01 ("the policy") pursuant to which plaintiff was entitled to coverage.[4] On October 20, 2023, the Court granted Velocity's

---

[1] R. Doc. No. 13.
[2] The motion was set for submission on December 6, 2023. Therefore, pursuant to Local Rule 7.5, plaintiff's response was due on November 28, 2023.
[3] R. Doc. No. 1-1, at 1,3.
[4] *Id.* ¶ 6.

1

motion to dismiss, finding that plaintiff had not asserted a claim for relief against Velocity.[5]

The remaining defendants now move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) because plaintiff failed to fulfill a contractual condition before filing suit by failing to sit for an examination under oath.[6] If the complaint is not dismissed, defendants argue that it should be stayed while plaintiff's representative's examination under oath is taken.[7]

## II.   LEGAL STANDARDS

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the

---

[5] R. Doc. No. 7.
[6] R. Doc. No. 13, at 1.
[7] *Id.*

plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"Dismissal under [R]ule 12(b)(6) is a judgment on the merits and is typically with prejudice, meaning the plaintiff is precluded from bringing the same claims again." *Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022).

### III. ANALYSIS

For purposes of deciding the present motion to dismiss, the Court considers plaintiff's complaint as well as the policy because it is incorporated into the complaint by reference. *See Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763.

Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So. 2d at 580).

One of the duties imposed on plaintiff by the contract in the event of loss or damage is to "[c]ooperate with [defendants] in the investigation or settlement of the claim."[8] Defendants have the right to "examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records."[9] The policy further provides that no "legal action, claim, demand or

---

[8] R. Doc. No. 1-2, at 39.
[9] *Id.*

4

suit" shall be brought against defendants pursuant to the policy unless "[t]here has been full compliance with all terms and conditions."[10]

The policy is unambiguous. Pursuant to the clear terms of the policy, plaintiff cannot bring an action against defendants unless it cooperates with the investigation or settlement of the claim, including through having their representative submit to an examination under oath.

Defendants state that they made multiple requests for plaintiff's representative to submit to examinations under oath and provide requested documents.[11] The examinations were scheduled for March 16, 2023, April 14, 2023, and May 8, 2023.[12] Despite assurances from plaintiff's counsel that plaintiff's representative would appear for the examinations, defendants contend that plaintiff's representative never appeared.[13] On August 24, 2023, plaintiff commenced this action by filing its complaint.[14]

"Louisiana courts have not permitted an insurer to escape liability when the noncompliance with a cooperation clause has been minor, but rather have found that the failure to cooperate precludes recovery when the insured engages in a 'protracted, willful, and apparently bad faith refusal' to comply with a cooperation clause." *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 12-1607, 2013 WL 2156328, at *9 (E.D. La. May 17, 2013) (Brown, J.). "Louisiana appellate court cases seem to

---

[10] *Id.* at 35.
[11] R. Doc. No 13-1, at 1.
[12] *Id.*
[13] *Id.* at 2.
[14] R. Doc. No. 1-1.

5

advise that an insurer may be relieved of liability if the extended and willful breach of a cooperation clause is both material and prejudicial to the insurer." *Id.* "But courts have found that an insured's claims are not subject to dismissal when the insured has a 'reasonable explanation' for failing to submit to an [examination under oath]." *Beasley v. GeoVera Specialty Ins. Co.*, No. CIV.A. 13-395, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015) (Fallon, J.).

Plaintiff has failed to comply with the clear and explicit terms of the policy. Defendants made multiple requests of plaintiff, and plaintiff filed this action before complying with the requests, in violation of plaintiff's contractual duties. Plaintiff's failure to comply is prejudicial to defendants because it impairs their ability to conduct a coverage investigation and issue a coverage decision.[15] Significantly, plaintiff did not respond to defendants' motion and has not offered a reasonable explanation or any explanation for failing to submit to an examination under oath.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 18, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15] *See* R. Doc. No. 13, at 1.